UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

December 12, 2005

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 03-3347, 03-3370, 03-3428, 03-3467,
   03-3617 & 03-3532

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District Court for the Southern District of Indiana, Terre Haute Division |
| *Plaintiff-Appellee,* | |
| *v.* | No. 02 CR 18 |
| FREDERICK H. LENOVER, TONYA F. WOLFE, OSCAR McGRAW, WALTER DuREGGER, JR., and TONY P. McMILLIN, | Larry J. McKinney, *Chief Judge.* |
| *Defendants-Appellants.* | |

## ORDER

In our decision of May 23, 2005, United States v. Gray, 410 F.3d 338 (7th Cir. 2005), we considered the defendants' direct appeals from their convictions and sentences for offenses involving the distribution of methamphetamine. Because the sentencings occurred before the decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the defendants contended that the district court committed plain error in sentencing them under the then-mandatory United States Sentencing Guidelines. We agreed that two prongs of the plain-error analysis were met: there was (1) error that was (2) plain. See Johnson v. United States, 520 U.S. 461, 117 S. Ct. 1544 (1997). As to the third prong, whether the error affected the defendants' substantial rights, we remanded the cases of Frederick H. Lenover, Tonya F. Wolfe, Oscar McGraw, Walter DuRegger, Jr., and Tony P. McMillin to the district court for an evaluation,

pursuant to United States v. Paladino, 401 F. 3d 471 (7th Cir. 2005), as to whether the sentences imposed would have been different had it been clear at the time of sentencing that the guidelines were advisory, rather than mandatory.

Following the remand, the district judge entered the following order in Tonya Wolfe's case: "Had the guidelines been advisory at the time of her sentencing, this Court would not have given Defendant Wolfe 27 years." As to the other four defendants, the judge entered orders, which were identical to one another except for the name of the defendant: "This Court would have imposed the same sentence on Defendant . . . had the guidelines been advisory at the time of his sentencing."

The latter orders do not comply with Paladino. Paladino, at 484, requires that on remand the district judge "should either place on the record a decision not to resentence, with an appropriate explanation," citing United States v. Crosby, 397 F.3d 103, 120 (2nd Cir. 2005), or "inform this court of its desire to resentence the defendant." What is missing in the cases of Lenover, McGraw, McMillin, and DuRegger, at least as far as the record before us is concerned, is an "appropriate explanation." It is possible that an explanation might have been provided orally on the record in the district court, but if it was (and there is no indication it was), it is not in the record before us. We will, however, take the district judge at his word that he would impose the same sentence on McGraw, DuRegger, McMillin, and Lenover; accordingly, we find that their substantial rights were not affected, and there is no plain error.

That is not the end of the matter, however. Under Paladino, we must also analyze whether the sentence was reasonable. We said we "will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by Booker, 125 S. Ct. at 765. The proviso is important; the mere reimposition of the original sentence does not insulate it from appellate review under the new standard." Paladino, at 484. However, "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005). It is a "rare Guidelines sentence that is unreasonable . . . ." Id. But because it is possible that a guideline sentence could be unreasonable, we are required to measure defendants' sentences "against the factors set forth in § 3553(a)." Id.

In the case before us, even though the defendants provided information relevant under 18 U.S.C. § 3553(a), the district judge's one-sentence orders offer us no insight into his evaluation of those factors. What we know is that, as we noted in our May decision in this case, the district judge referred to some of the sentences he felt required to impose under the then-mandatory guidelines as "harsh." In addition, in sentencing DuRegger to 210 months, the judge said he was unable to consider what he called a "medical model." He said he was inclined to depart from the guidelines but ultimately decided against departure. DuRegger informs us that in his submission to the district court following the Paladino remand, he pointed out that following his arrest he was released into the custody of his mother. During that time he participated in drug rehabilitation; he continues to receive counseling and treatment. In addition, prior to trial, he

owned and operated his own business and, in fact, had been continuously employed for 22 years. Similarly, Lenover, whose sentence is 350 months, tells us that he informed the district court that he is 54 years old and suffers from diabetes. He also has apparently been gainfully employed throughout his adult life. McMillin, who is serving 295 months, relied primarily on the fact that he was the financial support for a number of children and his mother. McGraw, whose sentence is life imprisonment, pointed out to the district court that he suffers from degenerative arthritis, bursitis, carpal tunnel syndrome, diabetes, incontinence, and heart arrhythmia.

As we have said, Paladino and our subsequent cases require an "appropriate explanation" from the district judge as to why the sentences, as imposed, were reasonable as measured against the § 3553(a) factors. In United States v. Newsom, 428 F.3d 685 (7th Cir. 2005), we expressed our wish that upon remand the district judge had said a little more about the severity of the sentence. See also United States v. Cunningham, ___ F.3d ___, 2005 WL 3029083 (7th Cir. 2005); United States v. Dean, 414 F.3d 725 (7th Cir. 2005). In Newsom, the explanation referred to the defendant's flight from the jurisdiction before trial, the need to protect the rights of the children involved in what was a child pornography case, and the obvious harm to the child victims. There were also other, more general remarks about the market for child pornography. We questioned, but ultimately accepted, the adequacy of that explanation, but the contrast between that case and this one is stark. Here, we are provided with no explanation whatsoever.

The absence of an explanation leaves us in the dark as to the district judge's reasons for rejecting the proffered § 3553 factors and requires that the case be remanded to the district court. The judge should thoroughly explain the rationale for believing that the sentences originally imposed are reasonable--if after further consideration he still does. Accordingly, the cases of Lenover, McGraw, McMillin, and DuRegger are remanded to the district court as indicated herein. Defendant Wolfe's case is remanded for resentencing.