UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 30, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 01-3857

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
|     *v.* | No. 99 CR 836 |
| ANGELO CASSANO, <br>     *Defendant-Appellant.* | Blanche M. Manning, <br> *Judge.* |

**O R D E R**

In May of 2001, Angelo Cassano was convicted of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and structuring of currency transactions, in violation of 31 U.S.C. §§ 5324(a)(3) and 5322(a), in conjunction with his role in a check kiting scheme that successfully defrauded CNA Financial Corporation, Chicago, Illinois, of approximately 3.8 million dollars. *See United States v. Cassano*, 372 F.3d 868, 871-73 (7th Cir. 2004). At sentencing, the district court calculated the applicable sentencing guidelines range to be 63 to 78 months, and sentenced Cassano at the very bottom of the range giving him 63 months in prison. Cassano subsequently filed a direct appeal, and this court affirmed in an opinion dated June 16, 2004. *See id.* at 876-85.

Then, on June 24, 2004, the Supreme Court announced its decision in *Blakely v. Washington*, 542 U.S. 296 (2004), calling into question the constitutionality of the federal sentencing guidelines. Based on that decision, Cassano petitioned the Court for a writ of certiorari premised only on the constitutionality of the imposition of his sentence, which was later granted by the Supreme Court with instructions that the case be remanded for further consideration in light of the Court's decision in *United States v. Booker*, 125 S. Ct. 738, 757 (2005). *See Cassano v. United States*, 125 S. Ct. 1018 (2005).  On remand, we ordered a limited remand to the district court in order to determine whether that court would have sentenced Cassano differently had it known that it was not bound by the guidelines.  *See United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005).

The district judge has replied stating that she would have given Cassano the same sentence notwithstanding the newly determined advisory nature of the guidelines. *See United States v. Cassano*, No. 99 CR 836-6, *3 (N.D. Ill. Sept. 13, 2005). We invited both Cassano and the government to file arguments concerning the reasonableness of Cassano's sentence, however, only the government accepted that invitation. We affirm, holding that the sentence imposed on Cassano was reasonable. *See United States v. Newsom*, 428 F.3d 685, 686 (7th Cir. 2005); *Paladino*, 401 F.3d at 484.

Our review of a district court's sentencing determination is deferential, and we will not substitute our judgement for that of the district court concerning what sentence should have been imposed on the defendant. *See United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005). In addition, a sentence that is within a properly calculated guidelines range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) An appellant may rebut this presumption of reasonableness by demonstrating that his sentence would be unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a). *Id.* (citing *Booker*, 125 S. Ct. at 766).

On remand to the district court, Cassano did not argue that his sentence was improperly calculated under sentencing guidelines nor did he contend that the district court should have departed downward based on the factors enumerated in 18 U.S.C. § 3553(b). Instead, Cassano averred that the district judge should have departed downward in order to account for the three months that he spent confined in federal prison prior to his conviction–after being transferred from state prison[1] pursuant to a *writ of habeas corpus ad prosequendum.* The district court found the argument to be "beyond the scope of a *Paladino* remand," and added that "[i]n any

---

[1] Before being indicted on federal charges, Cassano was serving out a state sentence for deceptive practices.

event, . . . Cassano does not contend that he did not receive state credit for the time he spent in federal custody."[2] *Cassano*, No. 99 CR 836-6 at *2-3. We agree.

Initially, it should be made clear that, although the district court did not cite the fact, there is a federal statute which governs whether or not a defendant is to be given credit for time spent in federal custody prior to trial, 18 U.S.C. § 3585. Section 3585 states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention . . . that had not been credited against another sentence." Thus, because Cassano "does not contend that he did not receive *state* credit for the time he spent in federal custody," it follows that he would not also be entitled to credit against his federal sentence. *Cassano*, No. 99 CR 836-6 at *3.

In addition, the district court failed to address the fact that only the Attorney General of the United States, through the Federal Bureau of Prisons, has the authority to grant credit for time served prior to trial pursuant to § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992). Indeed, as the Supreme Court specifically stated in *Wilson*, "Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing." *Id.* at 333. As a result, even if Cassano were to claim that the state did not give him credit for time served, and he is accordingly entitled to have such time applied to his federal sentence, his quarrel would be with the Bureau of Prisons and not the judge that imposed sentenced upon him. *See Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999) (stating that in such circumstances a "prisoner's first avenue to seek relief is therefore through the BOP's administrative procedures"). That being the case, not only was Cassano's argument "beyond the scope of a *Paladino* remand," it was also beyond the *jurisdiction* of the district court. *See id.*; *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).

In any event, the district court properly applied the guidelines when calculating Cassano's sentence, and consequently his sentence, as imposed, is to be considered presumptively reasonable. *Mykytiuk*, 415 F.3d at 608. Cassano has declined our invitation to point out why the district court's analysis should be considered insufficient to support his sentence or why the sentence he received was unreasonable when measured against the § 3553(a) factors. Further, while informing us that she would have given Cassano the same sentence has the guidelines been advisory, the district judge specifically referenced a number of the

---

[2] In addition, the court went on to conclude that due to the "seriousness of Cassano's . . . crimes" and his "significant criminal history," the sentence was appropriate under the guidelines and 18 U.S.C. § 3553.

factors enumerated in 18 U.S.C. § 3553(a) as integral to her decision not to sentence Cassano differently.[3]

Thus, because the district court judge would have imposed the same sentence post-*Booker* and due to the fact that Cassano has failed to rebut the presumption that his sentence is reasonable, he has failed to establish plain error. *See id.* (citing *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997)). Accordingly, we **AFFIRM** the judgment of the district court.

---

[3] Specifically, the trial judge noted the "seriousness of Cassano's financially-based crimes," Cassano's significant criminal history, the need to "protect the community at large" and the need to "deter him from committing additional criminal activity in the future."