# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3380

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN D. OHLINGER,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 02 CR 150—**John C. Shabaz**, *Judge.*

———————

ARGUED MAY 27, 2004—DECIDED AUGUST 2, 2004

———————

Before FLAUM, *Chief Judge*, and MANION and KANNE, *Circuit Judges.*

FLAUM, *Chief Judge.* In 2003, John Ohlinger pled guilty to one count of transporting a visual depiction of a minor engaged in sexually explicit conduct. Ohlinger was subsequently sentenced to 360 months' imprisonment and he now appeals this sentence. For the reasons stated herein, we remand the case for resentencing.

## I. BACKGROUND

On October 6, 2001, John Ohlinger posted a message on an Internet website stating that he was a "male PEDO truck

driver" and was seeking a "real PEDO female to share real life experiences and travel with me." Ohlinger posted another message a week later stating, "I truly do love sex with kids. But I also truly love sex with adult women too . . . . I seek an adult female that has experienced it too and would like to have a man that knows what it's really all about." In Ohlinger's online profile, he described himself as a "trucker pedophile."

Four months later, Ohlinger's messages were discovered by law enforcement when Special Agent Eric Szatkowski of the Wisconsin Department of Justice's Division of Criminal Investigations received a tip that he should log onto the website. The agent, posing as a 31-year-old single mother with a young daughter, responded to Ohlinger's messages. Ohlinger and the agent corresponded for several days, and Ohlinger repeatedly asked to meet the supposed mother and daughter. During this correspondence, Ohlinger also sent the agent a photograph of a ten-year-old girl in a sexually explicit pose. Ohlinger was eventually arrested when he arrived at a truck stop in Racine, Wisconsin, hoping to meet the mother and her daughter.

In March 2003, Ohlinger pled guilty to one count of transporting a visual depiction of a minor engaged in sexually explicit conduct. In exchange, the government then dropped its second charge against Ohlinger, which was for knowing possession of more than two depictions of a minor engaged in sexually explicit conduct. This count was based upon a search of Ohlinger's residence that the government contends uncovered more than 1,131 images of child pornography.

According to Ohlinger's plea agreement, all of his relevant conduct could be used to determine his sentence. Due to the district judge's finding that Ohlinger's conduct was the "most egregious, perhaps more so than any similar case" the judge had seen, Ohlinger was sentenced to 360 months' imprisonment. Ohlinger now appeals his sentence.

## II. DISCUSSION

Ohlinger contends that the district judge improperly applied the U.S. Sentencing Guidelines to determine his sentence. First, Ohlinger argues that he should not have received a sentence enhancement for his 1983 conviction for committing a crime against a child under the age of 14. Next, Ohlinger contends that the district judge erred by upwardly departing from the Guidelines based upon the judge's finding that Ohlinger's criminal history category within the Guidelines underrepresented his criminality and likelihood of recidivism.

As this Court recently determined in *United States v. Booker*, 2004 WL 1535858 (7th Cir. July 9, 2004), the Supreme Court's decision in *Blakely v. Washington*, 2004 WL 1402697 (U.S. June 24, 2004), calls into doubt the constitutionality of the U.S. Sentencing Guidelines. *See also United States v. Penaranda*, 2004 WL 1551369 (2d Cir. July 12, 2004); *United States v. Pineiro*, 2004 WL 1543170 (5th Cir. July 12, 2004); *United States v. Montgomery*, 2004 WL 1562904 (6th Cir. July 14, 2004) (Rehearing en Banc Granted and Opinion Vacated July 19, 2004). Under *Blakely* as interpreted in *Booker*, a defendant has the right to have a jury decide factual issues that will increase the defendant's sentence. As *Booker* holds, the Guidelines's contrary assertion that a district judge may make such factual determinations based upon the preponderance of the evidence runs afoul of the Sixth Amendment. In this case, the district judge made several factual findings and used these findings to support sentence enhancements for distributing pornographic images with the expectation of receiving other images and engaging in a pattern of activity involving the sexual abuse of minors. We therefore must remand Ohlinger's case to the district judge for resentencing in light of *Booker*.

### III. CONCLUSION

Ohlinger's sentence is VACATED and the case is REMANDED for resentencing consistent with this Court's opinion in *United States v. Booker*, **2004 WL 1535858 (7th Cir. July 9, 2004).**

A true Copy:

      Teste:

          _____

          *Clerk of the United States Court of*
          *Appeals for the Seventh Circuit*