In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-3366

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ERNEST A. NEWSOM,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP-03-26-CR-01 M/F—**Larry J. McKinney**, *Chief Judge.*

SUBMITTED SEPTEMBER 20, 2005—DECIDED NOVEMBER 2, 2005

Before BAUER, POSNER, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* After a trial, Ernest A. Newsom was convicted of one count of production of child pornography, 22 counts of receiving child pornography, and one count of possession of child pornography. His victims included his own daughter and his ex-girlfriend's daughter, who feature prominently in the images Newsom created, as well as unidentified children in hundreds of other pictures found on his computer. Our earlier opinion in Newsom's case rejected his Fourth Amendment argument seeking to suppress evidence recovered from his home and computer. See *United States v. Newsom*, 402 F.3d 780 (7th Cir. 2005) (*Newsom I*).

The district court sentenced Newsom to 324 months in prison. Under the applicable statutes, Newsom faced between 10 and 20 years in prison for his conviction for producing pornography; up to 15 years in prison for each of his 22 counts of receiving child pornography; and up to five years in prison for his possession conviction. We concluded in *Newsom I* that the district court properly calculated the final sentencing range of 292-365 months under the now-advisory Sentencing Guidelines, although we disagreed with it about exactly how to group the offenses to reach that result. *Id.* at 784-86.

Since Newsom challenges the reasonableness of his sentence, we briefly recount the manner in which that range was calculated. Newsom had a criminal history category of I. His offenses, we found, should be organized into three groups—one for all the counts of receiving pornography, one for production of child pornography, and one for possession of child pornography. Of the three groups, production produced the highest offense level, 37, once enhancements were included. That included enhancements for involving a victim under the age of 12, involving a victim under Newsom's care and supervision, obstruction of justice for failing to appear for a plea hearing, and abusing a vulnerable victim who was asleep. Three more levels were added pursuant to the multiple count adjustment of U.S.S.G. § 3D1.4, creating a total offense level of 40. This resulted in the Guidelines range of 292 through 365 months, from which the district court picked a sentence of 324 months.

We ordered a limited remand so that the district court could inform us whether it considered the sentence to be appropriate, given that the Guidelines are no longer mandatory. See *United States v. Booker*, 125 S. Ct. 738 (2005); *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). As this court held in *Paladino*, if the district court indicates that it would impose the same sentence, that

sentence will be affirmed against a plain-error challenge so long as it is reasonable. 401 F.3d at 484. Our review is deferential to the district court's judgment; "the question is not . . . what sentence we ourselves might ultimately have decided to impose on the defendant." *United States v. Williams*, No. 03-4091, *5 (7th Cir. Oct. 6, 2005). Furthermore, if a sentence is within the properly calculated Guidelines range, it is presumptively reasonable. See *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

In this case, the district court has informed us that it would impose the same sentence under the advisory Guidelines. By way of explanation, the district court pointed to Newsom's flight from the jurisdiction before trial, to the harm he inflicted on his victims, and to the protection of the rights of the children involved. As the district court noted, "Each receipt of an item of child pornography is as harmful as the next. Each receipt of child pornography provides another opportunity to profit from the intrusion into a child's privacy and development, operates to create relationships between various pornography manufacturers, and further extends the market for child pornography." The district court emphasized the importance of providing punishment that reflects the seriousness of the offense and affords adequate deterrence. The court's analysis addressed some but not all of the factors listed in 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense," § 3553(a)(1), "the need . . . to reflect the seriousness of the offense," § 3553(a)(2)(A), deterrence, § 3553(a)(2)(B), and protecting the public, § 3553(a)(2)(C).

After receiving the district court's statement, this court invited both the government and Newsom to file any arguments concerning the disposition of this appeal; only Newsom responded. He challenges his sentence of 324 months as unreasonable on two grounds. First, he contends that the district court failed to consider his personal history

and characteristics, as required by 18 U.S.C. § 3553(a)(1); second, he argues that the sentence is not reasonable because others who committed more heinous crimes were sentenced to shorter prison terms, which is inconsistent with § 3553(a)(6). Before *Booker*, the § 3553(a) factors could be considered only in limited circumstances; now the district courts must always consider these factors to determine if the advisory Guidelines range is appropriate. As we noted above, however, our role is not that of the sentencing court. "The question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a)." *Williams*, No. 03-4091, at *5. Furthermore, given the presumptive reasonableness of sentences within the Guidelines range, we have observed that it will be the rare sentence within the Guidelines range that "stands out as unreasonable." *Id.* For the reasons detailed below, we reject each of Newsom's arguments.

We look first at his assertion that the court failed properly to take his individual circumstances into account, including particularly his depression, alcohol abuse, and work history, as required by 18 U.S.C. § 3553(a)(1). He reads this court's decision in *United States v. Dean*, 414 F.3d 725 (7th Cir. 2005), as holding that the court must address the defendant's personal characteristics if they are "decisive" to the sentence imposed. That is not quite what *Dean* said, however. Its exact language, insofar as it applies to Newsom's case, was as follows:

> [T]he sentencing judge can discuss the application of the statutory factors to the defendant not in checklist fashion but instead in the form of an adequate statement of the judge's reasons, consistent with section 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant.

*Id.* at 729. The opinion went on to say that explicit fact findings were required "if, though only if, contested

facts are material to the judge's sentencing decision." *Id.* at 730.

In Newsom's case, we see no indication that there was a contested issue of fact relating to the personal characteristics Newsom has highlighted. It is unfortunate that the court did not mention these points in its order, since Newsom had relied heavily on them on remand, but the court must have thought this unnecessary because the government did not take issue with any of them. It is their significance that was contested. In our view, the only reasonable way to read the court's memorandum is as an indication of which facts the court *did* find material: Newsom's flight, his relationship of trust with and authority over two of his victims, and the seriousness of the offense. The Guidelines, which take those factors into account, normally should point the way toward a reasonable sentence consistent with § 3553(a). See *Mykytiuk,* 415 F.3d at 607.

*Dean* also held that the district court's obligation to explain the sentence it chose becomes greater "the farther the judge's sentence *departs* from the guidelines sentence." 414 F.3d at 729 (emphasis added). "When the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so, little explanation is required." *Id.* at 730 (quoting *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)). Thus, to summarize, the district courts must resolve disputed material issues of fact that relate to particular § 3553(a) factors that a defendant brings to the court's attention; they must explain the conclusions they draw with respect to "decisive" characteristics; and, to the extent that they are departing from the sentence recommended by the Guidelines, they must set forth the justification for doing so. In this case, the district judge selected a sentence at the center of the Guidelines range and explained in his order on remand why he thought this was appropriate. We add for

the sake of completeness that we too see nothing in Newsom's personal history that shakes our confidence in this conclusion.

Newsom's other argument is that his sentence was unreasonable because it violated the command of § 3553(a)(6) to take into account "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." While we find this a closer call, we conclude that the district court's weighing of the facts of Newsom's case against those of other cases is entitled to deference.

Prior to *Booker*, disparities resulting from the proper application of the Guidelines were not a permissible reason for a departure from a properly calculated sentencing range. See *United States v. Meza*, 127 F.3d 545, 549-50 (7th Cir. 1996). Now that the district court is obliged directly to confront all of the § 3553(a) factors, however, comparison of sentences has become a permissible part of the overall sentencing determination. Both before the district court and before this court, Newsom has attempted to rely on our earlier expressed concern about marginal deterrence. In affirming the district court's application of the Guidelines, we noted that the length of Newsom's overall sentence, 324 months or 27 years, was troubling in light of theories of marginal deterrence, which provide that the harshest sentences should be reserved for the most heinous behavior. *Newsom I*, 402 F.3d at 785-86. What, we asked, of the defendant who does something even worse than Newsom?

The district court was aware of our concerns about marginal deterrence, but it found nevertheless that this long sentence is appropriate given all of the particulars of Newsom's case. It recalled that Newsom had abused the trust of his own daughter and his ex-girlfriend's daughter, that he had fled from prosecution, the fact that he was convicted on 22 counts of receiving child pornography in

addition to manufacturing it, and the need to deter similar crimes. In considering this argument, we begin with the observation that § 3553(a) does not ban all disparities; its concern is only with *unwarranted* disparities.

Arguing by analogy from other cases, Newsom urges that his sentence was far longer than sentences imposed on other defendants whose crimes were worse than his own. In *United States v. Cunningham*, 405 F.3d 497 (7th Cir. 2005), for example, the defendant seduced a 14-year-old using the Internet, had sexual intercourse with her, and took pictures. For all this, he was convicted of one count of producing child pornography and, after an upward departure, received a sentence of 210 months in prison. *United States v. Schmeilski*, 408 F.3d 917 (7th Cir. 2005), was even closer to Newsom's situation on its facts. There the defendant used his digital camera to produce pornographic pictures of his three teen-aged stepdaughters and downloaded more than a thousand other such images from the Internet. In that case, the defendant pleaded guilty to production of child pornography, possession of child pornography, and criminal forfeiture, but he received a sentence of only 213 months in prison. Finally, in *United States v. Snyder*, 189 F.3d 640 (7th Cir. 1999), the defendant was convicted of producing, receiving, and distributing child pornography, as well as possessing child pornography with intent to sell, after a co-conspirator brought an 11-year-old to his house where the defendant engaged in sexual activities with him, some of which were recorded and distributed on the Internet. That defendant was sentenced to 168 months. Newsom argues, not without reason, that his crimes were not as serious as any of these three, yet his sentence was 111 months longer than even Schmeilski's (114 months longer than Cunningham's, and 156 months longer than Snyder's).

While comparisons are appropriate, it is important in the first instance to recall that the Guidelines were in-

tended to create national uniformity, and that this goal remains important post-*Booker*. It is not enough for a defendant to argue that a few cases from any particular circuit seem to cast doubt on his sentence. In addition, one needs to know more than the crime of conviction and the total length of the sentence to evaluate disparities; the specific facts of the crimes and the defendant's individual characteristics are also pertinent. The district court was entitled to conclude that the differences in the facts of each of the cases Newsom cited justified the more severe sentence for Newsom. For example, in *Cunningham*, the defendant was convicted of a single crime involving a single victim, not 23 crimes involving two children in his own home as well as the many others depicted in pictures found on his computer. In *Schmeilski*, the defendant pleaded guilty, thereby giving some reason to think that he recognized his wrongdoing and thus was worth the risk of a lower sentence. In *Snyder*, the defendant was not in a position of authority or trust relative to the victim; in addition, his convictions were based upon actions with only one victim, although what happened to that victim was particularly egregious. In none of these cases was the defendant's sentence enhanced for obstructing justice. Newsom has only himself to blame for the increase attributable to his flight from the jurisdiction.

Other cases also suggest that Newsom's sentence is not as extreme as it may appear at first blush. For example, in *United States v. Ohlinger*, 377 F.3d 785 (7th Cir. 2004), the defendant was sentenced to 360 months in prison after pleading guilty to one count of transporting in interstate commerce a visual depiction of a minor engaged in sexually explicit conduct. The district court based the sentence in that case on the defendant's lengthy criminal history related to sexual crimes involving children as well as the danger to society from the defendant who was "still extremely interested in sex with children." When the district

court in *Ohlinger* indicated on a *Paladino* limited remand that it would still impose the same sentence knowing that the Guidelines are advisory, this court held that the sentence was reasonable. See also *United States v. Danser*, 270 F.3d 451 (7th Cir. 2001) (sentence of 370 months for child pornography-related charges arising from defendant's improper relationship with his daughter).

Newsom also argues that the fact that he at one point entered into a tentative plea agreement under which the Guidelines range would have been between 121 and 151 months demonstrates that the 324-month sentence is unreasonable. But Newsom did not get the benefit of that plea agreement for a very simple reason: instead of pleading guilty, he skipped off to Florida and started living under an assumed name. There is really nothing more to say about this argument.

We note finally that under both the applicable statutes and the advisory Guidelines, Newsom could have received an even longer sentence. As we noted earlier, his Guidelines range was 292 to 365 months; his sentence fell in the middle of that range. Although it might have been useful if the court had said a little more about the apparently exceptional severity of Newsom's sentence, our examination of this question has satisfied us that it was not great enough to require a finding of unreasonableness for a sentence that falls within a properly calculated Guidelines range. See *Mykytiuk*, 415 F.3d at 608. We therefore find that Newsom's sentence was not the result of plain error. The district court's conclusion that this was a reasonable sentence under all the circumstances is AFFIRMED.

A true Copy:

   Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*