**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4551**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HOWARD MONTREAL WILLIAMS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge. (CR-04-307)

———————

Submitted: February 23, 2006      Decided: March 1, 2006

———————

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Howard Montreal Williams pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced to forty-eight months of imprisonment. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether Williams' sentence is reasonable. Although advised of his right to do so, Williams has not filed a supplemental pro se brief.

Williams argues that his forty-eight-month sentence was unreasonable. After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. Further, this court has stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White,

- 2 -

405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). Indeed, "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" United States v. Green, ___ F.3d ___, No. 05-4720, 2006 WL 267217, at *5 (4th Cir. Feb. 6, 2006) (citing United States v. Newsom, 428 F.3d 685, 687 (7th Cir. 2005), petition for cert. filed, Jan. 27, 2006 (No. 05-8986)).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Williams only after considering and examining the factors set forth in § 3553(a). The court also clearly stated that it deemed the sentence "reasonable" under the circumstances. Based on these factors, and because the court sentenced Williams within the applicable guideline range and the statutory maximum, we find that Williams' sentence of forty-eight months of imprisonment is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Williams' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

- 3 -

representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED