UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Decided March 8, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-1344

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 02 CR 1149 |
| TROY HEINTZELMAN, *Defendant-Appellant*. | David H. Coar, *Judge.* |

**O R D E R**

Troy Heintzelman appealed his sentence of 135 months' imprisonment for attempt and conspiracy to smuggle cocaine, contending that the district court plainly erred under *United States v. Booker*, 543 U.S. 220 (2005). We ordered a limited remand to ask whether the judge would have imposed the same sentence under an advisory regime, *see United States v. Paladino*, 401 F.3d 471, 483–84 (7th Cir. 2005). The judge said yes.

Heintzelman now argues that his sentence is unreasonably long. To this end, he cites mitigating factors that he thinks compel a sentence with less prison time and more opportunity for psychological care and rehabilitation. His father abused

him, he explains. The resulting trauma led him to self-medicate and, consequently, he developed a substance-abuse problem. He also insists that his criminal history is "relatively minor." Regardless, Heintzelman's sentence was at the bottom of the applicable guidelines range and presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). He has not provided any persuasive reason to rebut that presumption, and what we might have done in the sentencing court's place is irrelevant. *See United States v. Laufle*, No. 04-3978, 2006 WL 47642, at *7 (7th Cir. Jan. 11, 2006); *United States v. Newsom*, 428 F.3d 685, 686–87 (7th Cir. 2005).

Additionally, Heintzelman maintains that the district court's statement on limited remand was too perfunctory to ensure that the court considered his psychological problems and criminal history. Admittedly, the court's statement is short. The court said simply that, in light of the factors enumerated in 18 U.S.C. § 3553(a) and the parties' statements of position, it would not change the sentence under an advisory regime. Regardless, brevity does not matter so long as the record makes clear that the judge gave the relevant factors "meaningful consideration," *see United States v. Brock*, No. 03-2279, 2006 WL 39050, at *2 (7th Cir. Jan. 9, 2006). It does. At sentencing, the judge considered Heintzelman's history of abuse and psychological problems but declined to dip below the applicable range because Heintzelman's mental disorders were not "linked" sufficiently to smuggling to excuse his crimes. Although the judge had more flexibility on remand, nothing prevented him from sticking to his guns. As for criminal history, Heintzelman's own arguments are too cursory to understand. We will not increase sentencing courts' work by requiring discussion of frivolous arguments, *see United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

AFFIRMED.