**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-5012**

─────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

CHRISTOPHER FITZGERALD SOUTHERN,

                              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-05-61)

─────────

Submitted:  March 23, 2006          Decided:  March 28, 2006

─────────

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Clifton Thomas Barrett; Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher F. Southern appeals his 320-month sentence resulting from his guilty plea for interference with commerce by attempted robbery, 18 U.S.C. § 1951 (2000), discharging a firearm during attempted robbery, 18 U.S.C. § 924(c)(1)(A)(iii) (2000), and carjacking, 18 U.S.C. § 2119 (2000). Southern's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but raising the issue of whether Southern's sentence was unduly harsh. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id. As stated in Hughes, this Court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. Further, this court has stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the

applicable guideline range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005). Indeed, "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" <u>United States v. Green</u>, 436 F.3d 449, 456-57 (4th Cir. 2006) (quoting <u>United States v. Newsom</u>, 428 F.3d 685, 687 (7th Cir. 2005), <u>cert. denied</u>, ___ S. Ct. ___, 74 U.S.L.W. 3486 (U.S. Feb. 27, 2006) (No. 05-8986)).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Southern only after considering and examining the factors set forth in § 3553(a). The court also clearly noted that it found the guidelines, though advisory, "an adequate basis to provide a sufficient and just punishment but not greater than necessary to punish the Defendant in this case for his conduct." Based on these factors, and because the court sentenced Southern within the applicable guideline range and the statutory maximum, we find that Southern's sentence of 320 months of imprisonment is reasonable.

Pursuant to <u>Anders</u>, we have examined the entire record and considered Southern's pro se supplemental brief and find no meritorious issues for appeal. Accordingly, we affirm Southern's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Accordingly, we also deny

counsel's motion to withdraw as counsel. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED