**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5075**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEREK COAXUM,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District Judge.  (CR-04-1088)

---

Submitted:  March 31, 2006          Decided:  April 12, 2006

---

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jill E. M. HaLevi, Charleston, South Carolina, for Appellant. Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Derek Coaxum appeals his conviction and sentence following a guilty plea to use of the Internet to knowingly attempt to transfer obscene material to an individual under the age of 16, knowing that individual had not attained the age of 16, in violation of 18 U.S.C. § 1470 (2000). Coaxum's attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal, but raising as a potential issue whether the sentence imposed by the district court was reasonable. Coaxum filed a pro se supplemental brief. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. We have further stated that

- 2 -

"while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). Indeed, "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" United States v. Green, 436 F.3d 449, 457 (4th Cir.) (citing United States v. Newsom, 428 F.3d 685, 687 (7th Cir. 2005), cert. denied, 2006 WL 271816 (2006).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Coaxum only after considering and examining the factors set forth in § 3553(a). Based on these factors, and because the court sentenced Coaxum within the applicable guideline range and the statutory maximum, we find that Coaxum's sentence of 12 months and one day of imprisonment is reasonable.

We find the issues raised in Coaxum's pro se supplemental brief to be without merit. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Coaxum's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court

of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED