UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 27, 2006
Decided April 12, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-3235

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

MARCOS LEAL,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Eastern District of Wisconsin

No. 05-CR-67-001

J.P. Stadtmueller,
Judge.

**O R D E R**

Marcos Leal pleaded guilty to conspiring to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Applying the guidelines as advisory, the district court sentenced him to 38 months imprisonment, the low end of the applicable range of 37 to 46 months. On appeal, Leal challenges his sentence as unreasonable.

In early 2005, Leal attempted to broker a cocaine sale between his supplier and a confidential police informant. Milwaukee police arrested Leal and his supplier after they showed the informant a portion of the cocaine and promised to deliver the full amount upon payment; a search of Leal's residence uncovered 750

grams of cocaine. A grand jury indicted Leal for conspiring to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, possessing with the intent to distribute 500 grams or more of cocaine, *id.* § 841(a)(1), (b)(1)(B), and distributing cocaine, *id.* § 841(a)(1), 841(b)(1)(C). Leal pleaded guilty to the conspiracy count and the government agreed to dismiss the remaining counts. The PSR proposed a total offense level of 21 and a criminal history category of 1; the resulting guidelines imprisonment range was 37 to 46 months. On appeal, Leal does not challenge the calculation of the guideline range.

Sentencing took place after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). At the sentencing hearing, Leal's counsel moved for what he called a downward departure based on Leal's age (he was 62 at the time of sentencing), his lack of sophistication in committing the crime, and his status as an illegal immigrant. The court, after describing the guidelines as advisory and considering Leal's age, immigration status, criminal history, and the nature of his crime, denied counsel's motion and sentenced Leal to 38 months imprisonment.

Leal argues that it was unreasonable for the district court to deny his motion for a downward departure. But his focus on the district court's refusal to grant him a downward departure is misplaced. We have noted that the concept of a discretionary "departure" from a guideline sentence "has been rendered obsolete in the post-*Booker* world." *United States v. Vaughn*, 433 F.3d 917, 923-24 (7th Cir. 2006) (quoting *United States v. Arnaout*, 431 F.3d 994, 1003 (7th Cir. 2005)). Instead, we review all sentences for reasonableness in light of the factors specified in 18 U.S.C. § 3553(a). *Vaughn*, 433 F.3d at 924. Our review is deferential. *United States v. Sharp*, 436 F.3d 730, 738 (7th Cir. 2006). A sentence within a properly calculated guidelines range is presumed to be reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Interpreting Leal's argument as a challenge to the reasonableness of his sentence, he cannot prevail. Leal cites mitigating factors he thinks require a shorter period of incarceration. Just as he did in the district court, he argues here that the likelihood of recidivism by a 62-year-old is very low. He also insists that he showed a lack of sophistication or planning in committing his crime and submits that his status as a removable immigrant will render him ineligible for many programs in prison. These factors, he claims, will cause his 38-month sentence to be more punitive than for the average inmate. While Leal recognizes that each factor standing alone may not warrant a shorter prison sentence, he argues that taken together they render his 38 months incarceration unreasonable.

Leal does not dispute that the district court considered these factors at sentencing. Rather, he believes that under § 3553(a) these factors compel a shorter

sentence.  They do not.  Leal's sentence was at the bottom of the applicable guideline range and presumptively reasonable.  The court reasonably applied the § 3553(a) factors by determining that a sentence at the low end of the guideline range was appropriate for Leal to provide for "just punishment, adequate deterrence, and . . . respect for the law."  Section 3553(a) specifically empowers district courts to impose sentences that deter others and engender respect for laws.  Finally, we cannot, as Leal asks, instruct the district court to lower his sentence just because a shorter sentence may also be reasonable.  *See United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006); *United States v. Newsom*, 428 F.3d 685, 686-87 (7th Cir. 2005).

For these reasons we AFFIRM the sentence imposed by the district court.