**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4569**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL WAYNE ALLEN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-409)

---

Submitted: March 10, 2006          Decided: April 24, 2006

---

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael W. Patrick, Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Wayne Allen pleaded guilty to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. §§ 922(g), 924(a) (2000). He appeals his sentence of 110 months of imprisonment. Because we conclude that the district court properly determined Allen's sentence and that his sentence is reasonable, we affirm.

On appeal, Allen does not dispute that the district court properly calculated the applicable Guideline[*] range. He argues, however, that his sentence is unreasonable because the district court improperly determined his sentence by failing to adequately explain its sentencing determination, failing to adequately consider the factors listed in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and imposing a sentence greater than necessary to fulfill the purposes of sentencing. Allen's Guideline range was ninety-two to 115 months. The statutory maximum term of imprisonment based upon Allen's guilty plea was 120 months.

We recently considered the analysis required in reviewing a sentence for reasonableness and formulated the following standards for district courts:

> Thus, to sentence a defendant, district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a

---

[*]U.S. Sentencing Guidelines Manual (2004).

sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a).

United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006) (footnote omitted). We also agreed with a sister circuit that "a sentence imposed 'within the properly calculated Guidelines range is presumptively reasonable.'" Id. at 457 (quoting United States v. Newsom, 428 F.3d 685, 687 (7th Cir. 2005).

Our review of the record in this case leads us to conclude that the district court complied with the requirements announced in Green, despite the fact that it did not have the benefit of that decision at Allen's sentencing. Contrary to Allen's assertions, the record demonstrates a very deliberate, thorough, and careful consideration of the proper sentencing factors by the district court. We recently held that "[t]he district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion'; 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006) (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005). The transcript of the sentencing hearing in this case includes a sufficient discussion of those factors to allow us to review the sentencing determination. Having

conducted that review, we find no error in the district court's selection of the particular sentence imposed in this case.

Accordingly, we affirm Allen's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED