**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4667**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TIMOTHY MARK LOWE,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Robert E. Maxwell, Senior District Judge.  (CR-04-13)

---

Submitted:  April 26, 2006              Decided:  June 9, 2006

---

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Edmund J. Rollo, Morgantown, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Mark Lowe appeals his conviction and 78-month sentence following a guilty plea to one count of distribution of cocaine, in violation of 21 U.S.C. § 841 (2000). Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. We have further stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). Indeed, "a sentence imposed 'within the

properly calculated Guidelines range . . . is presumptively reasonable.'" United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (citing United States v. Newsom, 428 F.3d 685, 687 (7th Cir. 2005), cert. denied, 126 S. Ct. 1455 (2006)). In sentencing defendants after Booker, district courts should apply a preponderance of the evidence standard, taking into account that the resulting guideline range is advisory only. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

We find that the district court did not err in using the preponderance of the evidence standard to assess drug quantity while applying the guidelines as advisory. We further find the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Lowe only after considering and examining the factors set forth in § 3553(a). Based on these factors, and because the court sentenced Lowe within the applicable guideline range and the statutory maximum, we find that Lowe's sentence of 78 months of imprisonment is reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED