**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4029**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALTER GARCIA-ARZATE, a/k/a Aramando Millan
Madrigal,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. Frank W. Bullock, Jr.,
District Judge. (CR-05-123)

Submitted: August 30, 2006        Decided: September 14, 2006

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Randall
Stuart Galyon, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Walter Garcia-Arzate pled guilty to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). He was sentenced to 156 months of imprisonment. Garcia-Arzate's attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal, but raising as potential issues whether the district court erred in failing to grant Garcia-Arzate a mitigating role adjustment and whether the sentence imposed was reasonable. Garcia-Arzate filed a pro se supplemental brief challenging the drug amount attributed to him. Finding no reversible error, we affirm.

Garcia-Arzate's counsel first questions whether Garcia-Arzate should have received a reduction for his mitigating role in the offense pursuant to U.S. Sentencing Guidelines § 3B1.2 (2004). A defendant has the burden of showing by a preponderance of the evidence that he had a mitigating role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). A defendant may receive a four-level reduction for being a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2, cmt. (n.4). This level of culpability is shown by "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others . . . ." Id. A two-level reduction may

be made when a defendant is a minor participant, that is, one "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, cmt. (n.5). In deciding whether the defendant played a minor or minimal role, the "critical inquiry is not just whether the defendant has done fewer 'bad acts' than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotations and citations omitted). Role adjustments are determined on the basis of the defendant's relevant conduct. United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir. 1990). The district court's determination concerning the defendant's role in the offense is a factual issue reviewed for clear error. United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998). We have reviewed the record and find the district court did not clearly err in denying Garcia-Arzate a mitigating role adjustment.

Garcia-Arzate's counsel next questions whether the sentence under the advisory guidelines was unreasonable. After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose

a reasonable sentence within the statutory maximum). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. We have further stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). Indeed, "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (citing United States v. Newsom, 428 F.3d 685, 687 (7th Cir. 2005), cert. denied, 126 S. Ct. 1455 (2006)).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Garcia-Arzate only after considering and examining the factors set forth in § 3553(a). Based on these factors, and because the court sentenced Garcia-Arzate within the applicable guideline range and the statutory maximum, we find that

Garcia-Arzate's sentence of 156 months of imprisonment is reasonable.

We find the issue raised in Garcia-Arzate's pro se supplemental brief challenging the drug quantity attributed to him to be without merit because he agreed to the drug quantity as part of his plea agreement.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Garcia-Arzate's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>