**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 12, 2006
Decided September 20, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1642

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 05-CR-108 |
| DANIEL GARRITY, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Judge*. |

**O R D E R**

Daniel Garrity pleaded guilty to distributing more than 50 grams of cocaine base, 21 U.S.C. § 841(a)(1). The district court determined that he was a career offender under U.S.S.G. § 4B1.1 and, applying the guidelines as advisory, sentenced him to 262 months' imprisonment, at the bottom of the guidelines range. On appeal Garrity concedes his status as a career offender, but nonetheless argues that the district court incorrectly calculated the drug quantity attributable to him and erroneously imposed a two-level enhancement for possessing a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). Garrity also challenges his sentence as unreasonable. We affirm.

**I.**

In March 2005, Garrity brokered a sale of approximately 4.5 ounces of crack cocaine between a supplier and an informant of the Drug Enforcement Agency. Garrity met the informant in a parking lot and the two waited in Garrity's car, along with his girlfriend and infant son, for the supplier to arrive with the drugs. While they were waiting, Garrity reached under the front driver's seat, partially displayed the black handle of an object he referred to as a "45," and told the informant that if anything happened he would take care of it. In reality the object under the seat was the black handle of a window squeegee, but the car was dark inside and the informant believed the object to be the handle of a gun. The supplier called with instructions on where to meet and Garrity took the informant to meet him. When they arrived, the supplier delivered 99.8 grams of crack to the informant. A week later, Garrity again attempted to broker a sale of 4.5 ounces of crack between the informant and the supplier, but this time Garrity was arrested when he arrived at the meeting place before any transaction could occur. Garrity subsequently pleaded guilty to distributing more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).

In calculating Garrity's imprisonment range, the district court began with a base offense level of 34 based on the amount in the first sale and the attempted second sale, *see* U.S.S.G. § 2D1.1(c)(3), and added two offense levels under § 2D1.1(b)(1) because Garrity made the informant believe he possessed a gun, *see* U.S.S.G. § 2D1.1(b)(1); *id.* § 1B1.1 cmt. n.1(D)(ii)(II); *see also United States v. Hart*, 226 F.3d 602, 605 (7th Cir. 2000). The district court then granted Garrity a three-level downward adjustment for acceptance of responsibility, *see id.* § 3E1.1, resulting in a total offense level of 33. However, the court went on to find that Garrity's previous convictions for burglary, armed robbery, solicitation to commit burglary, and conspiracy to manufacture or deliver drugs rendered him a career offender under U.S.S.G. § 4B1.1, which raised his offense level to 37. Subtracting three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 yielded a sentencing range of 262 to 327 months. The court next examined the factors in 18 U.S.C. § 3553(a) and determined that a sentence in the advisory range was appropriate for Garrity to account for "the seriousness of the offense, the need to promote respect for the law, the age of the crimes which contributed to [Garrity's] career offender status, coupled with the need to deter others from committing similar crimes, and to protect the public." The court also found that Garrity's remorse and work in the community were redeeming factors that warranted a sentence at the bottom of the sentencing range.

## II.

On appeal Garrity first argues, as he did in the district court, that the quantity of drugs attributable to him should be only the 99.8 grams of crack from the first sale because he was not reasonably capable of making the second delivery of 4.5 ounces of crack. Further, Garrity argues that the district court erroneously applied the firearm enhancement under § 2D1.1 because he never actually possessed a weapon during the sales, and the black handle of the squeegee that he displayed to the informant did not "closely resemble" a weapon, as required in U.S.S.G. § 1B1.1 application note 1(D).

Garrity's arguments are frivolous because the district court's conclusion that Garrity was a career offender under § 4B1.1 mandated an increased offense level without regard for any specific offense characteristics and rendered the drug quantity and firearm enhancement irrelevant. *See, e.g., United States v. King*, 356 F.3d 774, 780 (7th Cir. 2004). Garrity did not contest the validity of any of the predicate offenses in the district court and does not do so on appeal. The district court correctly calculated his sentencing range at 262 to 327 months' incarceration.

The remainder of Garrity's arguments are not entirely clear from his brief. He appears to argue that the district court, by refusing to impose a below-range sentence, created unwarranted sentencing disparities in violation of 18 U.S.C. § 3553(a)(6). Garrity cites three district court cases in which defendants, who he claims have similar characteristics, received downward departures or sentence reductions. *See United States v. Hammond*, 240 F. Supp. 2d 872 (E.D. Wisc. 2003); *United States v. Noriega*, 40 F. Supp. 2d 1378 (S.D. Fla. 1999); *United States v. Ayers*, 971 F. Supp. 1197 (N.D. Ill. 1997). But we have held that "it is not enough for a defendant to argue that a few cases from any particular circuit seem to cast doubt on his sentence." *United States v. Newsom*, 428 F.3d 685, 689 (7th Cir. 2005). In order to evaluate disparities we must know "the specific facts of the crimes and the defendant's individual characteristics" because district courts are entitled to conclude that these factors justify more severe sentences. *Id.* Moreover, there are significant differences between Garrity and the three defendants he cites–the most glaring being that only Garrity was determined to be a career offender.

To the extent that Garrity is attempting to challenge his sentence under § 3553(a)(1) by arguing that the district court did not adequately consider his "history and characteristics," he is also unsuccessful. Garrity appears to contend that a lesser sentence was warranted because his prior offenses mostly occurred long ago during his youth when he struggled with an alcohol and drug problem; because he suffered serious mental and physical abuse as a child at the hands of his father; and because he currently struggles with "significant mental and emotional conditions." Under § 3553(a) the district court must weigh a defendant's history

and characteristics, but it is not required to weigh one § 3553(a) factor more heavily than the others.  *United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006).  The district court here chose to give more weight to other factors in § 3553(a), such as the seriousness of the offense and the need to promote respect for the law, 18 U.S.C. § 3553(a)(2)(A), Garrity's career offender status, *id.* § 3553(a)(1), and the need to protect the public, *id.* § 3553(a)(2)(C).  We will not instruct the district court to lower Garrity's sentence just because a shorter sentence may also be reasonable.  *See Laufle*, 433 F.3d at 988; *Newsom*, 428 F.3d at 686-87.

AFFIRMED.