# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-3638

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANDRE WELCH,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CR 818—**Blanche M. Manning**, *Judge.*

_____

SUBMITTED OCTOBER 25, 2005—DECIDED NOVEMBER 21, 2005

_____

Before FLAUM, *Chief Judge,* and MANION and ROVNER,
*Circuit Judges.*

FLAUM, *Chief Judge.* Defendant-appellant Andre Welch
was convicted by a jury of bank robbery in violation of 18
U.S.C. § 2113. The district court sentenced Welch to 160
months in prison. When imposing the original sentence, the
district court considered the seriousness of Welch's past
criminal conduct and granted the government's motion for
an upward departure under section 4A1.3 of the sentencing

guidelines. U.S.S.G. § 4A1.3. This upward departure increased the defendant's criminal history category from a IV to a VI based upon the district court's finding, by a preponderance of the evidence, that the defendant had committed four other bank robberies. The district court also increased the defendant's Guideline range from a 27 to a 28 to reflect his criminal history. The district court imposed this increase because it found 20 criminal history points, which exceeded the bounds of criminal history category VI. In addition, the district court imposed a two-level enhancement for obstruction of justice. U.S.S.G. § 3C1.1. This enhancement was imposed because Welch submitted false documentation in which he claimed to have been honorably discharged from the military when in fact he had been given an involuntary discharge for drug abuse and failing to comply with a drug rehabilitation program. In all, Welch's guideline range was increased from an original range of 84-105 months to a new range of 140-175 months.

On March 24, 2005, this Court ordered a limited remand to the district court pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether that court would have imposed the same sentence had it understood that the Guidelines were advisory. After considering the briefs of both parties as well as the factors in 18 U.S.C. § 3553(a), the district court indicated that it would have imposed the same sentence under an advisory guidelines regime.

Defendant Welch argues that the district court's reimposition of the original sentence would be unreasonable because: (1) the district court committed error by enhancing Welch's sentence based on facts not supported by the judicial record, in violation of *Shepard v. United States*, 125 S.Ct. 1254 (2005); and (2) the district court did not use a "beyond a reasonable doubt" standard in making factual findings at sentencing.

In *Shepard v. United States,* the Supreme Court found

that a sentencing court may not look to police reports and other documents to determine whether a particular prior conviction would increase a defendant's sentence under the Armed Career Criminal Act ("ACCA"). 125 S.Ct. 1254 (2005).[1] This decision is inapplicable to the instant case. The district court acted properly by considering evidence of the defendant's prior crimes.

In the district court's September 22, 2003 memorandum and order, the court found:

> After reviewing all of the evidence, this Court finds that the Government has put forth sufficient "reliable" evidence to show by a preponderance of the evidence that Welch committed the three bank robberies at Tech Federal on February 7, March 25[,] and May 20, 1997, and the robbery of the Bank of Homewood on July 8, 1997. While no one piece of evidence clearly implicates Welch, the totality of the evidence meets the preponderance of the evidence standard. Of particular importance to this Court is the black jacket found at his residence, the yellow hard hat, the statement to Austin, and the bank surveillance photos. Moreover, even discrediting the identification by Judith Welch and the teller, this Court finds that their identification of Welch is sound. After closely observing Welch at the trial and the sentencing hearing and closely comparing him to the

---

[1] Under ACCA a higher sentence is allowable for previous convictions that include a drug offense or violent felony. The ACCA states that burglary is a violent felony if committed in a building or enclosed space, but burglary is not a violent felony if committed on a boat or in a motor vehicle. The district court inappropriately used police reports to determine the nature of the defendant's past burglary conviction. A court determining the nature of a burglary conviction is limited to examining statutory language, charging documents, transcripts of plea colloquies, plea agreements, and factual findings by the trial court to which the defendant assented.

bank surveillance tapes, this Court firmly believes that Welch is the robber in those photographs.

The evidence referred to by the district court at sentencing was not of the type excluded under *Shepard.* Rather, the evidence referred to was presented by the prosecution during the course of the trial and the sentencing hearing. Furthermore, unlike *Shepard*, where a finding by the district court had the potential to increase a defendant's sentence from a 37-month maximum to a 15-year minimum under the ACCA, the district court's determination in the instant case that Welch had committed prior crimes did not alter the statutory minimum or maximum. *See* 18 U.S.C. § 2113.

Welch also claims that the district court failed to use the proper standard of proof in evaluating the sentence enhancement. In the context of a sentencing enhancement, a district court may consider evidence of a prior crime without proof beyond a reasonable doubt. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("[D]ecisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application.").

The district court's explanation of its original sentence and its decision not to alter that sentence on remand was sufficient. The district court's sentence is within the Guidelines range, and the district court was not obligated to provide this Court with a detailed explanation of its consideration of each of the relevant factors. *See United States v. Dean*, 414 F.3d 725, 729-30 (7th Cir. 2005) (sentencing judge's "duty 'to consider' the statutory factors is not a duty to make findings"); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) ("[J]udges need not rehearse on the record all of the considerations that [18 U.S.C. § 3553(a)] lists, as it is enough to calculate the range

accurately and explain why (if the sentence lies outside it) defendant deserves more or less.").

Under the post-*Booker* sentencing regime, this Court must ensure that the district court has considered the factors contained in 18 U.S.C. § 3553(a). In defining the extent of that review, we recently stated,

> [O]ur role is not that of the sentencing court. "The question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a)." Furthermore, given the presumptive reasonableness of sentences within the Guidelines range, we have observed that it will be the rare sentence within the Guidelines range that "stands out as unreasonable."

*United States v. Newsom*, No. 03-3366, *4 (7th Cir. Nov. 2, 2005) (quoting *United States v. Williams*, No. 03-4091, *5 (7th Cir. Oct. 6, 2005)). After giving adequate consideration to the § 3553(a) factors, the district court reinstated Welch's previous sentence, a sentence within the Guidelines range. While more explanation is always better than less, no evidence has been presented to indicate that Welch's sentence was the result of plain error.

The last inquiry for this Court is whether the defendant's sentence is reasonable. *See Paladino*, 401 F.3d at 484 (if the district court indicates that it would reimpose the original sentence, we will affirm the sentence against a plain-error challenge provided that the sentence is reasonable). Any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). A defendant can rebut this presumption only by demonstrating that her sentence is unreasonable when measured against the factors set forth in § 3553(a). *Id.* Welch has not met this burden.

The sentencing guideline range applied by the district court provided for a sentence of 140-175 months. The

district court imposed a sentence near the center of that range, 160 months. This sentence was justified by the district court's reiteration of the "egregious nature" of Welch's criminal record, the district court's finding that Welch would likely commit future crimes, the need to hold Welch accountable, and the need to protect the community. The record provides no reason to believe the sentence imposed by the district court was unreasonable.

The district court properly limited its review during *Paladino* remand to the record at the time of sentencing. *See Paladino*, 401 F.3d at 484. We agree with the district court that while Welch's efforts post-sentencing to prepare for life outside prison are commendable, such actions are not appropriate for consideration during a *Paladino* remand. *United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005) ("Post-sentencing events or conduct simply are not relevant to th[e *Paladino*] inquiry.").

Because the district court would have imposed the same sentence post-*Booker* and because that sentence is reasonable, we conclude that Welch's sentence was not the result of plain error. Accordingly, we AFFIRM the judgment of the district court.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*