**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2006
Decided February 3, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-1707

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-CR-222 |
| EFREN CERVANTES-LOPEZ, <br> *Defendant-Appellant.* | Rudolph T. Randa, <br> *Chief Judge.* |

**O R D E R**

Police in Milwaukee, Wisconsin, arrested Efren Cervantes-Lopez after he drove away from a residence that was under surveillance for suspected drug activity. Cervantes-Lopez, a Mexican citizen, was turned over to federal authorities and pleaded guilty to being in the United States without permission after removal. *See* 8 U.S.C. § 1326(a). He was sentenced to a 70-month term of imprisonment, the minimum under the advisory guidelines. Cervantes-Lopez's counsel now seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. We notified Cervantes-Lopez that he could respond to counsel's submission, *see* Cir. R. 51(b), but he has not done so. We thus review only the potential issue identified in counsel's facially adequate brief, *see*

*United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam), and agree with counsel that it is frivolous.

Counsel first informs us that Cervantes-Lopez does not wish to have his guilty plea set aside. Accordingly, counsel appropriately avoids any discussion of the plea colloquy or the voluntariness of Cervantes-Lopez's plea. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

What counsel is left with is the possibility of challenging Cervantes-Lopez's 70-month term of imprisonment. That term is below the 20-year statutory maximum applicable to Cervantes-Lopez, who twice has been removed after serving a four-year Wisconsin sentence for possession of cocaine with intent to deliver. *See* 8 U.S.C. § 1326(b)(2). The prison term is also based on a correct calculation of the sentencing guidelines, and thus is presumptively reasonable. *See United States v. Paulus,* 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005). Counsel explains that nothing he found in the record before the district court rebutted the presumption, and so he concludes that it would be frivolous to argue that the term imposed is unreasonable. We agree and note that Cervantes-Lopez's only argument for a sentence below the guideline minimum based on the factors listed in 18 U.S.C. § 3553(a) was that he has strong family ties in the United States that motivated him to return. The sentencing court was skeptical about the strength of those families ties, but it did consider the argument before rejecting it. And that consideration is more than sufficient for us to conclude that challenging the reasonableness of the term imposed would be frivolous. *See United States v. Welch,* 429 F.3d 702, 705 (7th Cir. 2005) (noting that district court is not obligated to provide detailed explanation of its consideration of § 3553(a) factors); *United States v. Dean,* 414 F.3d 725, 729-30 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.