**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

March 2, 2006

**Before**

Hon. DANIEL A. MANION *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 03-2987

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

  *v.*

RICHARD J. COLLINS,
            *Defendant-Appellant.*

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division

No. 02 CR 831

Suzanne B. Conlon,
*Judge.*

**O R D E R**

Richard Collins pleaded guilty to two counts of mail fraud and was sentenced to 120 months in prison. He appealed his sentence, and we affirmed on March 15, 2004. *See United States v. Collins*, 361 F.3d 343 (7th Cir. 2004). Nonetheless, on November 3, 2005, after resolving certain procedural matters, we ordered a limited remand pursuant to *United States v. Paladino,* 401 F.3d 471 (7th Cir. 2005). In response, the district court has informed us that, had the sentencing guidelines been advisory, the sentence would have been the same.

The district court explained its limited-remand decision as follows:

In response to the limited remand order, this court has reviewed the transcipt of the sentencing hearing, the presentence investigation report, and the remand briefs submitted by the government and defendant.

It must be noted that due to plea bargaining, the court was precluded from actually sentencing defendant within the applicable 121 to 151 month sentencing guideline range; the statutory maximum was 120 months. Because of the aggravated circumstances of defendant's conduct, his criminal history, the likelihood of recidivism and protection of the public, a sentence at the high end of the advisory guidelines would have been reasonable under 18 U.S.C. § 3553(a).

Defendant had three prior fraud convictions, and was on supervised release when he engaged in the $11 million fraud that is the subject of this case. In a prior case in 1990, he defrauded a mentally handicapped person of $30,000. There were at least 400 victims of his fraud in this case. Defendant and others concealed the fraud proceeds overseas; the funds have not been recovered. The court found defendant's explanation of where the money went and his own financial status both evasive and incredible. As the court concluded at the sentencing hearing, defendant's conduct was predatory and he is a danger to the community.

After receiving the district court's decision, we invited the parties to file responses, and each side did so. The government asks us to affirm the sentence while Collins wants us to vacate it.

Collins's sole complaint is that the district court did not discuss the substantial assistance he provided to the government. Collins maintains that his assistance in two investigations merits a lower sentence. Prior to sentencing, the government agreed, moving for a downward departure on these grounds under U.S.S.G. § 5K1.1. The district court, however, denied that motion, finding that Collins had lied about the location of the stolen funds that were still missing. *See Collins*, 361 F.3d at 346. The district court echoed these same sentiments in its limited-remand decision. Further, the district court's limited-remand decision convincingly shows that it considered the necessary factors under § 3553(a). *See United States v. Brock*, 433 F.3d 931, 935-37 (7th Cir. 2006) (explaining *United States v. Newsom*, 428 F.3d 685, 687-88 (2005); *United States v. Cunningham*, 429 F.3d 673, 675-79 (7th Cir. 2005); and *United States v. Dean*, 414 F.3d 725, 728-30 (7th Cir. 2005)). Moreover, the district court properly limited its review here to the record at the time of sentencing by not considering post-sentencing events or conduct during the *Paladino* remand. *See United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005); *see also United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005). In light of the record and the district court's reasoned limited-remand explanation, the lack of an explicit discussion about Collins's assistance in the limited-remand decision does not merit reversal. *See Brock*, 433 F.3d at 934-37 ("[I]t is enough that the record confirms that the judge has given meaningful consideration to the section

3553(a) factors." (quoting *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005))); *see also Welch*, 429 F.3d at 705.

Turning briefly to reasonableness, *see United States v. Alburay*, 415 F.3d 782, 786 (7th Cir. 2005), Collins does not make any separate attempt to argue that his sentence is unreasonable. We, moreover, do not find any grounds to consider his sentence—at the statutory maximum and below the otherwise applicable guideline range—to be unreasonable. *Cf. id.* at 786-87; *United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005) (sentence within the guideline range presumptively reasonable).

AFFIRMED.