UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

April 5, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-2685

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 01 CR 907 |
| JERMAINE WEEDEN, *Defendant-Appellant.* | Ronald A. Guzman, *Judge.* |

**O R D E R**

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we ordered a limited remand so the district court could inform us whether it would have sentenced Jermaine Weeden differently had it known the sentencing guidelines were advisory, not mandatory.  *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).  The district court replied that it would have imposed the same sentence.  We then invited the parties to comment on the court's statement, and both parties have responded.  We now affirm the sentence.

When a *Paladino* remand results in the district court telling us that it would have imposed the same sentence, we will affirm that sentence against a plain-error *Booker* challenge so long as it is reasonable.  *Paladino*, 401 F.3d at 484; *United States v. Newsom*, 428 F.3d 685, 686 (7th Cir. 2005).  A sentence within the properly

calculated guidelines range—as Weeden's is—is presumptively reasonable. *See United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And while the presumption may be rebutted, *Welch*, 429 F.3d at 705, it will be the rare case in which we find a sentence within the guideline range to be unreasonable, *Newsom*, 428 F.3d at 687; *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005).

Weeden does not argue that the presumption of reasonableness is rebutted in his case. In fact, he does not even ask us to hold the sentence unreasonable. His argument, instead, is that he is entitled to a second limited remand because, in his view, the district court did not explain with "particularity" why it considered its original sentence appropriate. But the brevity of the court's response does not amount to an abuse of discretion. In the first place, less needs be said when the sentence is within the guidelines range. *See Newsom*, 428 F.3d at 688. Second, while the district court never explicitly referred to 18 U.S.C. § 3553(a) in its post-remand statement, it is enough if we can tell from the record that the relevant factors were considered. *Welch*, 429 F.3d at 705; *Williams*, 425 F.3d at 480. Here, in explaining that it would have imposed the same sentence, the district court cited several § 3553(a)(1) factors that Weeden thought significant, including the circumstances of Weeden's crimes and his age, background, and criminal history. In some cases, an explanation may be so brief as to leave us "in serious doubt whether the judge connected the facts relating to the statutory factors to the sentence he imposed," *see United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005), but this is not such a situation.

Furthermore, we see nothing that required additional comment. Weeden complains that on remand the district court failed to address three arguments: (1) that his criminal history category was "overstated" by the career-offender guideline; (2) that the "application of the crack cocaine guideline" exaggerated the "nature" of his offense as compared to distribution of powder cocaine; and (3) that the combination of both provisions "cumulatively reverberated in an increased and unintended way." But the first and second of these contentions are wholly without merit, and so, then, is the third. As to Weeden's criminal history—he had six prior convictions for dealing drugs—the district court adequately explained at the original sentencing hearing why it was unpersuaded that use of the career-offender guideline overstated Weeden's criminal history. *See United States v. Weeden*, No. 04-2685, slip op. at 2 (7th Cir. May 17, 2005) (unpublished). No purpose would be served by demanding a recapitulation of that explanation when Weeden advanced the identical argument after our *Paladino* remand. And as to the varying base offense levels for powder and crack cocaine, *see* U.S.S.G. § 2D1.1(c), the guideline differential is irrelevant because Weeden was sentenced under U.S.S.G. § 4B1.1, the career-offender guideline, which trumps the guideline for drug offenses. The difference in *statutory* treatment of powder and crack cocaine does affect the career-

offender guideline because the base offense level under § 4B1.1 is tied to the statutory maximum for the offense of conviction: forty years for crack offenses like Weeden's that involve at least five grams of crack, and twenty years for offenses involving the same amount of powder cocaine, *see* 21 U.S.C. § 841(b)(1)(B), (C). The career-offender guideline provides for an offense level of 34 if the offense of conviction is punishable by 25 years or more in prison, U.S.S.G. § 4B1.1(b)(B), and an offense level of 32 if it is punishable by at least 20 years but less than 25, *id.* § 4B1.1(b)(C). Applying a criminal history category of VI (applicable to all offenses under the career-offender guideline), *see id.* § 4B1.1(b), and Weeden's three-level downward adjustment for acceptance of responsibility, the recommended guidelines range was 188 to 235 months for crack cocaine, and would have been 151 to 188 months for powder cocaine. *See* Ch. 5, Pt. A. But Weeden's sentence of 188 months falls within both ranges and therefore would have been presumptively reasonable even if the district court had been free to apply § 4B1.1 using the statutory maximum for powder cocaine. Weeden's argument about the differential between guideline sentences for powder and crack cocaine is thus immaterial, and we decline to fault the district court for not stating the obvious. *See Cunningham*, 429 F.3d at 679 (explaining that a "judge's failure to discuss an immaterial or insubstantial dispute relating to the proper sentence would be at worst a harmless error").

AFFIRMED.