UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 18, 2005
Decided May 5, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-4231

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-113 |
| DAVID A. DENNIS, <br> *Defendant-Appellant.* | John C. Shabaz, <br> *Judge.* |

## O R D E R

David Dennis was convicted of distributing powder cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced before the decision in *United States v. Booker*, 543 U.S. 220 (2005), to 88 months' incarceration.  Dennis now challenges his sentence on appeal, arguing that the district court erroneously applied the sentencing guidelines as mandatory despite saying in open court that it was treating the guidelines range as advisory.  He also contends that the court disregarded letters attesting to his character from his fiancé and two oldest daughters.  For the reasons set forth below, we affirm his sentence.

## I.  History

A long-term federal investigation into narcotics trafficking in and around the Lac Courte Oreilles Reservation in Wisconsin revealed that Dennis, at times aided by his fiancé, his oldest daughter, and two of his siblings, was distributing marijuana and cocaine.  Over the course of a year, a confidential informant purchased powder cocaine from Dennis or an intermediary on four occasions.  Dennis was arrested in July 2004, and  ultimately pleaded guilty to one count of distributing approximately 3½ grams of powder cocaine.  He stipulated as part of his plea agreement that the government could prove a total drug quantity equivalent to 100 kilograms or more of marijuana.

Dennis was sentenced in December 2004, less than a month before the Supreme Court upheld our decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004) *aff'd,* 543 U.S. 220 (2005).  The district court opened the hearing by informing Dennis that it had read, in addition to the presentence report and related documents, one letter from Dennis and seven letters written by others on his behalf.  Five of those letters were from Miranda Barber, Dennis's fiancé and his codefendant in the very crime for which he was being sentenced.  The two remaining letters from persons other than Dennis were written by his two oldest daughters, one of whom Dennis had used to help with his drug sales while she was still a teenager.  All of the letters from Barber and the daughters included pleas for leniency on the grounds that Dennis was remorseful and that his six children needed their father present in their lives.  Neither Dennis nor the government had received or read the letters from Barber or the daughters before the sentencing hearing.  The district court offered to provide copies to Dennis and offered this characterization of the letters: "They express their support for you and they do not affect the sentencing but they do attempt to convince the Court of the reason as to what the sentence should be."  Dennis, though, declined to stop and read the letters, and both he and the government agreed to proceed with the sentencing without reviewing them.  The letters were not otherwise discussed at the hearing or in the court's written statement of reasons for the sentence it imposed.

The sentencing court, relying on our opinion in *Booker, see* 375 F.3d at 513, explained that it was imposing "a sentence consistent with" 18 U.S.C. § 3553(a) and using the probation officer's guidelines calculations "as advisory and a reliable indicator in determining the appropriate sentence within the statutory limit of the count of conviction."  Citing Dennis's use of family intermediaries in his drug deals, the quantities of narcotics he distributed, and the need for general and individual deterrence, the court sentenced him to 88 months' incarceration, a term within the guidelines range of 78 to 97 months.  The court added that it would have chosen the same term if applying the guidelines as mandatory.

## II. Analysis

Dennis primarily argues that the district court committed a *Booker* violation by treating the guidelines as mandatory despite saying that it was doing otherwise. The court's choice of identical discretionary and guideline sentences, Dennis contends, shows that in fact the court disregarded the required § 3553(a) analysis in favor of a pure guidelines calculation. It would be error for the district court to disregard § 3553(a) and rely solely on the guidelines, because the elements of § 3553(a) are mandatory factor in post-*Booker* sentencing. *Booker*, 125 S.Ct. at 765-66; *United States v. Castro-Juarez*, 425 F.3d 430, 433 (7th Cir. 2005).

We see no basis in this record from which to conclude that the district court treated the guidelines as mandatory. The court's selection of identical discretionary and guidelines sentences does not show that it applied the guidelines as mandatory. In fact, we have explained before that the Supreme Court "expected that many (perhaps most) sentences would continue to reflect the results obtained through an application of the Guidelines." *United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). Indeed, we have affirmed a number of sentences where the district court recognized the discretionary nature of the guidelines in imposing sentence but also announced that it sentence under the old, mandatory guidelines scheme would have been the same. *See, e.g.*, *United States v. Lister*, 432 F.3d 754, 762 (7th Cir. 2005); *United States v. Bryant*, 420 F.3d 652, 654 (7th Cir. 2005); *United States v. Paulus*, 419 F.3d 693, 696, 699-700 (7th Cir. 2005); *United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005). And since the district court imposed a term within the guidelines range, it was not required to articulate how it applied the § 3553(a) factors in choosing the sentence. *See United States v. Lopez*, 430 F.3d 854, 857 (7th Cir. 2005); *United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Dennis insists that the court, in selecting a discretionary sentence, "could not possibly have come to the same sentencing conclusion" as it did by applying the guidelines. What Dennis really means is that *his own* weighing of § 3553(a) factors would have yielded a lower discretionary sentence, but the district court was not required to accept his assessment. *See United States v. Williams*, 436 F.3d 767, 769 (7th Cir. 2006); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005); *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005)

As his fallback Dennis also argues that the district court failed to specifically consider the letters from his fiancé and daughters under § 3553(a)(1) as relevant evidence of the "history and characteristics of the defendant." He submits that the district court's statement that the letters did not "affect the sentencing" must mean that the court declined to, or thought that it could not, take them into consideration.

However, the record indicates otherwise. The district court did indeed read the letters from Dennis's fiancé and daughters. The court explicitly informed Dennis at sentencing that it had read the letters, and said that it "base[d] its sentence upon these documents." The court was not required to give a more detailed explanation of the § 3553(a) factors' impact on its discretion. *See George*, 403 F.3d at 473. Nothing in the record supports Dennis's contention that the sentencing court refused to consider, or believed itself incapable of considering, the letters it read.

### III. Conclusion

For the reasons given, Dennis's sentence is AFFIRMED.