**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4377**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

STELLA DENISE ADAIR,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph Robert Goodwin,
District Judge.  (CR-04-167)

─────────────

Submitted:  June 5, 2006              Decided:  June 15, 2006

─────────────

Before WILKINS, Chief Judge, and WILKINSON and NIEMEYER, Circuit
Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston,
West Virginia, for Appellant.  Kasey Warner, United States
Attorney, Stephanie L. Ojeda, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia,
for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Stella Denise Adair appeals the sentence imposed by the district court following her guilty plea to possessing stolen mail, see 18 U.S.C.A. §§ 1708 (West 2000 & Supp. 2006). For the reasons set forth below, we affirm.

I.

Adair was involved in a "split deposit" scheme, in which she and an accomplice made false bank deposits by tendering stolen personal checks. A portion of each check was deposited into the account of a second victim and the remaining funds were returned in cash to either Adair or her accomplice. In total, $33,945.50 in checks were deposited and $12,083.55 received in cash.

The Probation Office filed a presentence report (PSR) that determined that Adair's base offense level was 6, see United States Sentencing Guidelines Manual § 2B1.1(a)(2) (2004). The PSR then recommended a six-level enhancement for the amount of loss, see U.S.S.G. § 2B1.1(b)(1)(D). After subtracting two levels for acceptance of responsibility, see id. § 3E1.1(a), the PSR recommended an adjusted offense level of 10. Adair had 12 criminal history points, placing her in Criminal History Category V. The resulting guideline range was 21 to 27 months imprisonment.

Adair objected to the loss enhancement, arguing that the loss attributable to her conduct was more than $10,000 but less than

2

$30,000, corresponding to a four-level enhancement.[*]  See id. § 2B1.1(b)(1)(C).  The district court overruled this objection and sentenced Adair to 21 months imprisonment.

II.

A.

Adair first challenges the district court calculation of the loss attributable to her conduct.  Adair argues that the loss should be limited to the actual cash she received, rather than the face value of the forged checks.  The calculation of the loss amount is a factual matter reviewed for clear error.  See United States v. Castner, 50 F.3d 1267, 1274 (4th Cir. 1995).

The amount of loss is the greater of the actual loss or the intended loss.  See U.S.S.G. § 2B1.1, comment. (n.3(A)).  Intended loss is defined as "the pecuniary harm that was intended to result from the offense ... and ... includes intended pecuniary harm that would have been impossible or unlikely to occur."  Id. § 2B1.1, comment. (n.3(A)(ii)); United States v. Miller, 316 F.3d 495, 502 (4th Cir. 2003) (holding that intended loss amount may be used "even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct").

---

[*]The applicable sentencing range for a base offense level of 8 with a Criminal History Category of V is 15 to 21 months.

3

Here, the district court received evidence that the victims' bank accounts were affected, if only for a short period of time, by the face value of the checks forged by Adair. The district court ruled that the intended loss was thus the face value of the checks, reasoning that if an individual "steals a check, writes it for a thousand dollars, and cashes it, deposits it, ... they intend the loss to be a thousand dollars even if [they] only get[] $200 cash." J.A. 97. This finding is not clearly erroneous.

B.

Adair next argues that the sentence--imposed by the district court pursuant to the advisory Guideline regime established by United States v. Booker, 543 U.S. 220 (2005)--violated the Ex Post Facto Clause because the Guidelines were mandatory when she committed the offense, see id. at 233-34. This claim is foreclosed by our recent decision in United States v. Davenport, 445 F.3d 366, 369-70 (4th Cir. 2006).

C.

Finally, Adair challenges her sentence as unreasonable. A sentence within a properly calculated advisory Guidelines range is presumptively reasonable. See United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). Adair may rebut this presumption by establishing that her sentence is unreasonable when measured

4

against the factors set forth in 18 U.S.C.A. § 3553(a) (West 1999 & Supp. 2006).  See United States v. Welch, 429 F.3d 702, 705 (7th Cir. 2005).  She has not met this burden.  We therefore affirm her sentence of 21 months imprisonment as reasonable.

## III.

For the reasons above, we affirm Adair's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5