**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 19, 2006
Decided July 19, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-1875

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　*Plaintiff-Appellee,*<br><br>　　　*v.*<br><br>TOMAS TEJEDA-LORENZO, a/k/a<br>ISAIAS PEREZ-GARCIA, a/k/a<br>LORENZO PEREZ-GARCIA,<br>　　　*Defendant-Appellant.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division<br><br>No. 04-CR-988-1<br><br>Harry D. Leinenweber,<br>*Judge.* |

## O R D E R

Tomas Tejeda-Lorenzo was arrested and charged with attempted possession of cocaine with intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1), after he met a courier in Bedford Park, Illinois, to take possession of two kilograms of the drug. Only after Tejeda-Lorenzo had pleaded guilty without benefit of a plea agreement did the probation officer discover that he was using an alias. Tejeda-Lorenzo then admitted to the court that his real name was, in fact, Isaias Perez-Garcia (his attorney also informed the court, however, that his real name was Lorenzo Perez-Garcia), and that he adopted the name Tomas Tejeda-Lorenzo to reenter the United States undetected after he was deported to Mexico following a 2001 drug conviction. After the district court sanctioned Tejeda-Lorenzo's lies about his identity by imposing an upward adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1, and

denying a reduction for acceptance of responsibility, *see id.* § 3E1.1, the district court calculated a guidelines imprisonment range of 97 to 121 months and sentenced Tejeda-Lorenzo to 97 months' imprisonment and four years' supervised release.  Tejeda-Lorenzo filed a notice of appeal, but his appointed counsel has moved to withdraw because she is unable to find a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's supporting brief is facially adequate, and Tejeda-Lorenzo did not respond to our invitation under Circuit Rule 51(b) to comment on counsel's submission.  We thus review only the potential issues identified in counsel's brief.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers whether Tejeda-Lorenzo could argue that the district court did not fully comply with the requirements of Federal Rule of Criminal Procedure 11 when accepting Tejeda-Lorenzo's guilty plea.  Tejeda-Lorenzo, though, has given no indication that he wants his guilty plea set aside, and thus the adequacy of the plea colloquy should not have been addressed in counsel's *Anders* submission.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).  In any event, as counsel notes, any challenge to his plea would be frivolous because the transcript of the plea colloquy shows that the district court substantially complied with Rule 11.  *See United States v. Schuh*, 289 F.3d 968, 974-75 (7th Cir. 2002).

Counsel also contemplates arguing that the prison term imposed by the district court is unreasonable, but correctly concludes that this contention would be frivolous as well.  The 97-month term is within the advisory guidelines range and is thus presumptively reasonable, so Tejeda-Lorenzo would have to establish that he rebutted that presumption by pointing to information that compelled a lower sentence in light of the factors outlined in 18 U.S.C. § 3553(a).  *See United States v. Lange*, 445 F.3d 983, 987 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  The district court need not support its choice of sentence with detailed findings; it is enough if we can tell from the record that the relevant factors were considered.  *See United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005); *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005).  Here, the district court concluded that a sentence within the range was warranted both because of Tejeda-Lorenzo's prior drug convictions, *see* 18 U.S.C. § 3553(a)(1), and his attempt to obstruct justice by providing a false identity, *see id.* § 3553(a)(2)(A).  Counsel is unable to identify any other factors that would have compelled a lower sentence.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.