**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 4, 2011[*]
Decided March 14, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-2237

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 01 CR 907-2 |
| JERMAINE WEEDEN, *Defendant-Appellant.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

Jermaine Weeden pleaded guilty in 2004 to two counts of possessing with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced to a total of 188 months' imprisonment as a career offender, *see* U.S.S.G. § 4B1.1. We affirmed the judgment following a post-*Booker* limited remand in which the district court advised us that it would

---

[*]This appeal is successive to case no. 04-2685 and has been submitted to this panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

have imposed the very same sentence had it known that the sentencing guidelines are advisory. *United States v. Weeden*, 176 F. App'x 663 (7th Cir. 2006) (nonprecedential decision); *see United States v. Booker*, 543 U.S. 220 (2005); *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). Weeden then moved under 18 U.S.C. § 3582(c)(2) for a lower sentence after the Sentencing Commission retroactively amended U.S.S.G. § 2D1.1 to lower the base offense levels for some crack offenses. *See* U.S.S.G. Supp. to App. C. 226-31, 253 (2009) (Amends. 706 & 713). The district court denied this motion on the ground that Weeden is not eligible for a reduction because the imprisonment range underlying his sentence remains unchanged after the retroactive amendments. We affirm this ruling.

The only issue here is whether § 3582(c)(2) authorized the district court to reconsider Weeden's prison sentence. Section 3582(c)(2) permits a district court to revisit a sentence if the defendant is serving "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 1B1.10, which implements this statutory provision, explains that a postsentence reduction is not authorized if a retroactive amendment "is inapplicable to the defendant" or "does not have the effect of lowering the defendant's applicable sentencing range." U.S.S.G. § 1B1.10(a)(2). Defendants who qualify as career offenders because of convictions involving crack cannot obtain relief under § 3582(c)(2) because their imprisonment ranges were driven not by § 2D1.1 but by § 4B1.1, which has not been amended. *See United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008).

Weeden tries to escape our holding in *Forman* by speculating that his prison sentence "may not have been driven" entirely by his status as a career offender. He accepts that the career-offender guideline alone determined his original sentence but insists that "it is entirely possible" that the district court decided to "affirm" his prison sentence during the limited remand by focusing on both the career-offender guideline and also "the sentencing range for the underlying crack offenses." Nothing at all in the record supports this conjecture, but still Weeden urges us to remand the case so that the district court can specify which guidelines were at play on remand.

The premise of Weeden's argument is untenable after our recent decision in *United States v. Guyton*, slip op. No. 09-3866, 2011 WL 590110, at *3 (7th Cir. Feb. 22, 2011). There we made explicit what before we thought implicit from the structure of the guidelines: the only applicable guidelines range for the purposes of § 3582(c) is the range established before the district court makes a departure. *Id*. Our decision in *Guyton* falls in line with rulings in other circuits that a sentencing court can deviate *from* a properly calculated imprisonment range but cannot depart *to* a different range entirely. *See United States v. Hameed*, 614 F.3d

259, 260 (6th Cir. 2010); *United States v. Darton*, 595 F.3d 1191, 1195-96 (10th Cir. 2010); *United States v. Blackmon*, 584 F.3d 1115, 1116-17 (8th Cir. 2010); *United States v. Doe*, 564 F.3d 305, 311 (3rd Cir. 2009). Indeed, the very idea of departing from, or deviating from, a guidelines range underscores that the range is a constant whether the sentence falls in or out of that range. *Darton*, 595 F.3d at 1195-96. Still, we recognize that several circuits have held that § 3582(c)(2) does permit a reduction if the sentencing court originally elected to disregard the career-offender range and sentence the defendant *as if* § 2D1.1 was the applicable offense guideline. *See United States v. Cardosa*, 606 F.3d 16, 21 (1st Cir. 2010); *United States v. Munn*, 595 F.3d 183, 192 (4th Cir. 2010); *United States v. McGee*, 553 F.3d 225, 228 (2nd Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1329-30 (11th Cir. 2008).

But we can resolve Weeden's appeal without wading further into this debate. For one thing, nothing in the district court's response on limited remand or its order denying the § 3582(c)(2) motion even remotely suggests that the court would have based an advisory sentence on anything other than Weeden's career-offender designation. More immediately, however, Weeden's argument misconceives the nature of a limited remand under *Paladino*. For the sentencing court to have done what Weeden supposes the court did—"affirm" his prison sentence on a ground different from which it was imposed—the court needed jurisdiction over his case. But we never relinquish jurisdiction when we issue a *Paladino* remand; we simply invite the district court to tell us whether knowing about *Booker* would have altered its view of the appropriate sentence, and only if the answer is yes do we vacate the sentence and reconfer jurisdiction on the district court. *See Paladino*, 401 F.3d at 484; *see also United States v. Mansoori*, 480 F.3d 514, 524 (7th Cir. 2007); *United States v. Macari*, 453 F.3d 926, 942 (7th Cir. 2006). And since the district court told us that greater discretion would not have done Weeden any good, we never sent the case back for resentencing. It is Weeden's sentence under the career-offender guideline—the only sentence that has ever been imposed—which underlies his § 3582(c) motion, and so Weeden was not eligible for a sentence reduction under § 3582(c)(2). *See Forman*, 553 F.3d at 589.

AFFIRMED.