In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 03-2345 & 03-2915

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CLARENCE HANKTON and
GREGORY DAVIS,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 1—**Charles R. Norgle, Sr.**, *Judge.*

SUBMITTED MAY 8, 2006—DECIDED AUGUST 18, 2006

Before COFFEY, MANION, and WILLIAMS, *Circuit Judges*.

COFFEY, *Circuit Judge.* In November of 2002, Clarence Hankton and Gregory Davis each pled guilty to possessing, with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).[1] After conducting a sentencing hearing, during which the government introduced a plethora of evidence concerning the drug and gang activities of both defendants, the district judge sentenced Hankton to a term of 300 months and Davis to 210 months. Both men ap-

---

[1] In the case of Hankton, cocaine base, commonly known as "crack" cocaine.

pealed, *see United States v. Hankton*, 432 F.3d 799 (7th Cir. 2005), and while we affirmed each of their sentences, we remanded their cases to the district court in accordance with *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005). The district judge has replied stating that he would have given Hankton and Davis the same sentences notwithstanding the now-advisory nature of the Guidelines. *United States v. Hankton and Davis*, No. 01-CR-1 (April 21, 2006); *see United States v. Booker*, 125 S.Ct. 738, 757 (2005). We invited the parties to file arguments concerning the reasonableness of the sentences, however, only Davis and the government responded. Nevertheless, we affirm both of the defendants-appellants' sentences as reasonable. *See United States v. Newsome*, 428 F.3d 685, 686 (7th Cir. 2005); *Paladino*, 401 F.3d 484.

Our review of a district judge's sentencing determination is deferential, and we will not substitute our judgement for that of the trial judge when dealing with the question of what sentence should have been imposed on the defendant. *See United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005). In addition, a sentence that is within a properly calculated Guidelines range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) An appellant may rebut this presumption of reasonableness by demonstrating that his sentence would be unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a), such as the "need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* (citing *Booker*, 543 U.S. at 766).

## I.  REASONABLENESS OF HANKTON'S SENTENCE

As our earlier opinion in this case makes clear, the sentencing judge properly applied the Guidelines when calculating Hankton's sentence, *see Hankton*, 432 F.3d at 790-97, and accordingly his sentence as imposed is considered presumptively reasonable. *See Hankton*, 432 F.3d at 789-97; *Mykytiuk*, 415 F.3d at 608. Hankton has declined our invitation to explain why and how the district court's analysis should be considered insufficient to support his sentence or why the sentence he received was unreasonable when measured against the § 3553(a) factors. Further, while informing us that he would have given Hankton the same sentence had the Guidelines been advisory, the district judge properly referenced a number of the factors enumerated in 18 U.S.C. § 3553(a) as integral to his decision not to sentence Hankton differently.[2]

Thus, because the sentencing judge has advised us that he would have imposed the same sentence post-*Booker*, and due to the fact that Hankton has failed to rebut the presumption that his sentence is reasonable, he has failed to establish plain error. *See id.* (citing *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997)).

## II.  REASONABLENESS OF DAVIS'S SENTENCE

Unlike Hankton, Davis did accept our invitation to inform this court why he believes his sentence, as imposed, is

---

[2] Specifically, the trial judge noted Hankton's role as the "King of Kings" in "a violent Chicago street gang heavily involved in the purchase and sale of cocaine." This, the judge reasoned, warranted a 300 month sentence in order to "reflect the seriousness of Hankton's crimes, promote respect for the law, and protect the public from future crimes [by] Hankton."

unreasonable. In his brief to this court, Davis claims that his sentence is unreasonable for a number reasons, all of which are easily dismissed.

Davis initially claims that the district court "misunderstood its authority under *Booker*." He attempts to support this bold assertion by citing the sentencing judge's statement that he failed to "overcome the rebuttable presumption that his sentence is reasonable." However, this court specifically held in *United States v. Mykytiuk*, that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." 415 F.3d at 608. Indeed, the sentencing judge cited *Mykytiuk* in reaching its conclusion that Davis had neither established that his sentence had been improperly calculated nor that the presumption of reasonableness had been overcome. The district court's analysis was directly in line with our holding in *Mykytiuk*. *See id*.

Davis attempts to bolster his argument by arguing that *Mykytiuk* should not be considered binding on a sentencing court, stating that, in *Mykytiuk* "this court only decided that a Guidelines sentence is presumed to meet the appellate standard for review for reasonableness." However, the presumption that a correctly calculated Guidelines sentence is reasonable not only applies to the appellate standard of reasonableness review, but also guides a district judge's consideration of an appropriate sentence. It is only when the defendant provides cogent reasons under 18 U.S.C. § 3553(a) that a sentencing judge need consider a non-Guidelines sentence. *See Dean*, 414 F.3d 729-30.

Next, Davis argues that the district court "refused to consider [his] argument that the 18 U.S.C. § 3553[(a)] factors support a sentence outside the career offender Guideline range." We disagree. Even a cursory review of the sentencing judge's order on remand reveals that the court thoroughly considered the § 3553(a) factors and, in fact, did

more than was required of him under the circumstances. *See United States v. Hankton*, No. 01-CR-1, at \*8-9 (N.D.Ill. Apr. 21, 2006); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) (stating that: "Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less."). What's more, to the extent that this argument is a collateral attack on Davis's sentence, it fails; for we affirmed the validity of his sentence under the Guidelines in our previous decision. *See Hankton*, 432 F.3d at 789-96.

In an equally unavailing argument, Davis avers that the district court "incorrectly found that it lacked the authority to impose a non-Guidelines sentence on the basis of the disparity between sentences for crack and powder cocaine." This argument is foreclosed by this court's recent decision in *United States v. Miller*, ___ F.3d ___, 2006 WL 1541426, \*4-6 (7th Cir. 2006). In *Miller* we held a district judge is required to abide by the 100-to-1 crack cocaine to cocaine powder ratio when applying the sentencing Guidelines to a defendant's conduct. *Id.* at \*4; (following *United States v. Pho*, 433 F.3d 53 (1st Cir. 2006); *United States v. Eura*, 440 F.3d 625 (4th Cir. 2006)). Said differently, a sentencing judge may not depart downward based merely on his opinion that the statutory and/or Guidelines disparity between punishments for crack cocaine and powder cocaine is unjust or unwarranted. *See id.* at \*5. Accordingly, Davis's argument fails, for Judge Norgle did exactly what he should have done according to *Miller*, he categorically refused to consider Davis's argument in favor of a downward departure based solely on the disparity between crack cocaine and cocaine powder in the Guidelines.[3]

---

[3] In a tag-along argument, Davis claims that the "district court incorrectly held this court had determined that the statements in

(continued...)

Finally, Davis reaches his arguments as to why the district court should have issued a non-Guidelines sentence based on the factors enumerated in § 3553(a).[4] The main thrust of Davis' argument concerning § 3553(a) is that the district court's sentencing determination should be found unreasonable due to the fact that his crimes were "the result of his addiction to marijuana and alcohol." The problem is, evidence of pre-existing drug and alcohol addiction, without more, is insufficient to render a sentence within a properly calculated Guidelines range unreasonable. Were this not the case, every convicted criminal who had used or abused drugs and drink at some time and was not given a reduction under the Guidelines could challenge his sentence as unreasonable on those grounds alone. This is most assuredly not what Congress had in mind when they passed 18 U.S.C. § 3553(a). The same can be said for Davis's other § 3553(a) arguments as well. He claims he was, at times, "responsible, held legitimate employment, . . . tried to help his friends and family . . . [and] was a good father when he was able to be there for his children." These

---

[3]  (...continued)
the plea agreements of Mr. Davis' co-defendants were reliable." What we actually held was that the plea agreements, along with the plethora of other evidence adduced at sentencing was enough to support the sentence the district court imposed on Davis. *See Hankton*, 435 F.3d 792-93. The district judge was correct not to re-visit this issue and we decline the invitation to do so here.

[4]  As part of his argument, Davis advances the ridiculous notion that the district judge, by applying the rebuttable presumption in *Mykytiuk*, considered the Guidelines to be mandatory. Suffice to say, the district court did no such thing. Also, while we see no reason to re-visit or expound on our holding in *Mykytiuk*, we dismiss out of hand Davis' assertion in his brief that *Mykytiuk* "sends the message that a sentence within the Guidelines will never be reversed . . . ." Our holding in *Mykytiuk* implies no such thing. A "rebuttable presumption" is just that, "rebuttable."

arguments likewise do nothing to overcome the fact that Davis was convicted of a serious drug crime. As the sentencing judge noted "Davis attained the rank of 'Sultan Supreme' in the [Mickey Cobras gang], and participated heavily in the purchase and sale of crack cocaine." We agree with the district court's conclusion that Davis's sentence "reflects the seriousness of [his] offense, promotes respect for the law, and protects the public from further crimes."

### III.  CONCLUSION

Because the sentencing judge stated that he would have imposed the same sentence post-*Booker* and due to the fact that Hankton and Davis' sentences are reasonable, they have failed to establish plain error. *See id.* (citing *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). Accordingly, we AFFIRM the judgment of the district court.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*