[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15198
Non-Argument Calendar

_____

D. C. Docket No. 6:96-cr-00004-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNELL SUMMERSETT

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 26, 2012)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Donnell Summersett, appearing *pro se*, appeals the district court's denial of

his motion, filed pursuant to 18 U.S.C. § 3582(c)(2), for a sentence reduction based on Amendments 706 and 711 to the United States Sentencing Guidelines.[1] After a review of the record and the parties' briefs, we affirm.[2]

In 1996, a jury convicted Mr. Summersett of (1) conspiring to distribute, and to possess with intent to distribute, cocaine and cocaine base, in violation of 21 U.S.C. § 846; (2) two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1); and (3) possessing cocaine base with intent to distribute, in violation of § 841(a)(1). Based on a total offense level of 44 and Mr. Summersett's criminal history, the guideline sentence was life imprisonment. The district court sentenced Mr. Summersett to life imprisonment for the conspiracy and possession counts, and 480 months' imprisonment for the other two counts. The sentences were to be served concurrently.

On October 29, 2010, Mr. Summersett filed a § 3582(c)(2) motion to reduce his sentence in light of Amendments 706 and 711 to the United States Sentencing

---

[1] After it denied the § 3582(c)(2) motion, the district court also denied a subsequent motion for reconsideration. Mr. Summersett's notice of appeal designated the district court's denial of his motion for reconsideration as the order on appeal. Mr. Summersett's brief and the Government's response, however, focused on the merits of the district court's denial of the initial motion. We therefore construe this as an appeal of the district court's order denying the motion for a sentence reduction. *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (noting "liberal allowance of appeals from orders not expressly designated in the notice of appeal" where the unspecified order predates the order designated in the notice of appeal).

[2] The government filed a motion for summary affirmance. Because Mr. Summersett filed an initial brief, we deny the government's request for summary affirmance, but grant its request to treat the motion as its responsive brief.

Guidelines. The district court found that Mr. Summersett was eligible for a reduction in his total offense level from 44 to 42, resulting in an amended guideline range of 360 months to life imprisonment.

On November 22, 2010, the district court denied Mr. Summersett's § 3582(c)(2) motion. In its order, the district court stated the following reasons for denying the motion:

> The defendant distributed significant quantities of crack cocaine in Toombs County, Georgia and other areas. The Court recalls with specificity several acts of violence that occurred during the course of this conspiracy. The defendant poses a significant risk to the public. Further, he has never demonstrated remorse for his criminal acts. For these reasons, the defendant's motion is denied.

On December 3, 2010, Mr. Summersett filed a motion for reconsideration, which the district court denied on October 20, 2011.

Mr. Summersett appeals the denial of his motion for a sentence reduction. First, he argues that the district court failed to separate his co-conspirators' conduct from his individual actions, and that the acts of violence that occurred during the conspiracy were not attributable to him individually. Second, he contends that the district court's decision resulted in an unwarranted sentencing disparity. We are not persuaded by Mr. Summersett's arguments.

We review a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *See United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). In

3

relevant part, § 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Although the district court must consider the applicable factors set forth in 18 U.S.C. § 3553(a), it is given considerable discretion with respect to the weight to be accorded to any specific factor. *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). "[A] district court commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). A district court may deny a request for a sentence reduction after determining the amended guidelines range and considering the appropriate factors under § 3553(a). *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

Mr. Summersett claims that the district court "failed to evaluate and consider [him] as an individual" and improperly attributed his co-conspirators'

conduct to him. *See* Appellant's Brief at 7. The district court's order, however, plainly demonstrates that the court considered factors specific to Mr. Summersett, such as the significant quantities of crack cocaine that he distributed, his lack of remorse, and the risk he posed to the public. The district court did not abuse its discretion when citing these reasons for denying Mr. Summersett's request for a sentence reduction.

Nonetheless, Mr. Summersett says that the district court was required to "separat[e] him from the acts or violent acts committed by his co-defendants during the course of the conspiracy." Appellant's Brief at 11. First, we note that the district court did not specifically attribute the violent acts to Mr. Summersett. *See* Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), No. 6:96-cr-00004-001 (S.D. Ga. Nov. 22, 2010), ECF No. 933 ("The Court recalls with specificity several acts of violence that occurred during the course of the conspiracy."). Mr. Summersett concedes that his co-conspirators committed violent acts during the course of the conspiracy, *see* Appellant's Brief at 9 ("[T]here were acts of violence that occurred during the course of the conspiracy."), and the district court did not err in taking into account the violent nature of the conspiracy. *Cf.* U.S.S.G. § 1B1.1, cmt 2. ("[A] defendant is accountable for the conduct (acts and omissions) of others that was both in

5

furtherance of the jointly undertaken criminal activity and reasonably foreseeable in connection with that criminal activity.").

Finally, Mr. Summersett argues for the first time on appeal that his sentence is disproportionately higher than the sentences received by three other defendants who obtained sentence reductions under § 3582(c)(2) after having been sentenced to life imprisonment. We disagree with Mr. Summersett's contention that any such disparity warrants reversal.

Absent a similarly-situated comparator, Mr. Summersett cannot show an unwarranted sentencing disparity. *See United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009). It is not enough for Mr. Summersett to simply compare the initial sentences and reduced sentences of others to his own; there must be comparable underlying factual circumstances. *See United States v. Campbell*, 491 F.3d 1306, 1317 (11th Cir. 2007) (noting that bare statistics without context are unpersuasive); *United States v. Newsom*, 428 F.3d 685, 689 (7th Cir. 2005) ("[O]ne needs to know more than the crime of conviction and the total length of the sentence to evaluate disparities; the specific facts of the crimes and the defendant's individual characteristics are also pertinent."). After reviewing Mr. Summersett's purported comparators, we cannot say that an unwarranted sentencing disparity exists.

6

In sum, we find no abuse of discretion in the district court's decision to deny

Mr. Summersett's request for a reduced sentence. The district court's denial of Mr.

Summersett's § 3582(c)(2) motion is affirmed.

**AFFIRMED.**